B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** <br> Christopher J. Moser, Trustee | **DEFENDANTS** <br> Ali Manteghi and Axxium Custom Homes Dallas, LLC |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) <br> Andrew L. Jones, Law Office of Andrew L. Jones, PC, 3405 Milton Avenue, Suite 209, Dallas, TX 75205 | **ATTORNEYS** (If Known) <br> Mark A. Weisbart, The Law Offices of Mark A. Weisbart, 12770 Coit Road, Suite 541, Dallas, TX 75251 |
| **PARTY** (Check One Box Only) <br> ☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor  ☐ Other <br> ☒ Trustee | **PARTY** (Check One Box Only) <br> ☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor  ☒ Other <br> ☐ Trustee |
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED) <br> Complaint for Turnover Property of the Estate and to Avoid and Recover Transfers Pursuant to 11 USC Sections 542, 547, 548, and 550 ||

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- [1] 11-Recovery of money/property - §542 turnover of property
- [2] 12-Recovery of money/property - §547 preference
- [3] 13-Recovery of money/property - §548 fraudulent transfer
- [4] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- ☐ 71-Injunctive relief – imposition of stay
- ☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- ☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Stanley Thaw | BANKRUPTCY CASE NO.<br>11-43603 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Eastern District of Texas | DIVISION OFFICE<br>Sherman | NAME OF JUDGE<br>Brenda T. Rhoades |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF<br>Christopher J. Moser | DEFENDANT<br>Kernell Thaw and Stanley Thaw | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING<br>Eastern District of Texas | DIVISION OFFICE<br>Sherman | NAME OF JUDGE<br>Brenda T. Rhoades |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>May 14, 2012 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Andrew L. Jones | |

INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet. When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| IN RE:<br><br>STANLEY THAW<br><br>DEBTOR | CASE NO. 11-43603<br>CHAPTER 7 |
| CHRISTOPHER J. MOSER,<br>TRUSTEE<br>PLAINTIFF<br><br>V.<br><br>ALI MANTEGHI AND AXXIUM<br>CUSTOM HOMES DALLAS, LLC<br><br>DEFENDANTS | ADVERSARY NO. 12-_____ |

**COMPLAINT FOR TURNOVER PROPERTY OF THE
ESTATE AND TO AVOID AND RECOVER TRANSFERS
PURSUANT TO 11 U.S.C. §§ 542, 547, 548 AND 550**

COMES NOW, Christopher J. Moser, Trustee, and files this his Complaint for Turnover Property of the Estate and to Avoid and Recover Transfers Pursuant to 11 U.S.C. §§ 542, 547, 548 and 550 and would show the court as follows.

Parties; Jurisdiction and Venue

1. The Plaintiff is Christopher J. Moser, acting Chapter 7 Trustee for the Debtor's bankruptcy estate ("Plaintiff" or the "Trustee").

2. Defendant Ali Ashraf Manteghi ("Manteghi") is an individual residing in Denton County, Texas who may be served with summons at 6 Savannah Ridge, Frisco, TX 75034-6838.

3.  Defendant Axxium Custom Homes Dallas, LLC ("Axxium") is a Texas limited liability company which may be served with summons through its registered agent, Ali A. Manteghi, at 16990 Dallas Parkway, Ste. 101, Dallas, TX 75248-1998.

4.  This Court has jurisdiction over this matter pursuant to the provisions of 28 U.S.C. §§1334 and 157. This matter constitutes a "core" proceeding within the meaning of 28 U.S.C. §157(b)(2)(A),(H) and (O).

5.  Venue is proper in this district pursuant to 28 U.S.C. §§1408 and 1409 because the Chapter 7 bankruptcy proceedings of the Debtor are pending in this district and the causes asserted herein arise under Title 11 or arise in or are related to a case under Title 11.

## Summary of Relief Requested

6.  The Trustee brings this action against Ali Manteghi ("Manteghi") and Axxium Custom Homes Dallas, LLC ("Axxium") (collectively, the "Defendants") to avoid, set aside, and recover fraudulent transfers made to them as part of their scheme of mortgage fraud that greatly benefited the Debtor and the Defendants.

7.  This adversary proceeding is brought primarily: (i) to avoid transfers pursuant to §§ 542, 547, 548 and 550 of the Bankruptcy Code, Fed. R. Bankr. P. 7001(1); (ii) to preserve and recover such transfers, or the value of such transfers, from the Defendants, or from any other person or entity for whose benefit the transfers were made, pursuant to §§ 550(a)(1) and 551 of the Bankruptcy Code; and (iii) for relief under other applicable statutory and common law theories of avoidance and recovery.

8.  During the course of this action, Plaintiff may learn (through discovery or otherwise) of additional transfers made to the Defendants during the Two Year Period (as defined below). It is Plaintiff's intention to avoid and recover all transfers made by the Debtor of any

**COMPLAINT FOR TURNOVER PROPERTY OF THE
ESTATE AND TO AVOID AND RECOVER TRANSFERS
PURSUANT TO 11 U.S.C. §§ 542, 547, 548 AND 550 - Page 2**

interest of the Debtor in property to, or for the benefit of, the Defendants or any other transferee. Plaintiff reserves the right to amend this Complaint to include: (i) further information regarding the transfers described herein, (ii) additional transfers, (iii) additional defendants, and/or (iv) additional causes of action that may become known to Plaintiff at any time during this action, through formal discovery or otherwise, and for such amendments to relate back to the filing of this Complaint.

### The Facts Concerning Manteghi and Axxium

9. Manteghi and Axxium have received at least $1,089,888.02 in direct payments from the Debtor and his companies, and a total of $3,500,000 for two houses worth a total of at least $600,000 less. The Debtor has various explanations for the direct payments, ranging from the purchase of a house from Axxium to an investment in a large real estate project in Las Vegas; however, the Debtor had actual intent for the fraudulent transfers to Manteghi and Axxium, a fraudulent real estate business involving various corporations and businesses, but dominated and controlled by Manteghi. Axxium as a corporate entity was routinely disregarded; cash, assets and liabilities were shifted without regard for actual ownership or equivalent value; funds were commingled. Axxium was operated as the alter ego of Manteghi.

10. Like Stanley Thaw, Manteghi's modus operandi is to lie, cheat and steal. Manteghi and Axxium are judgment debtors in several civil lawsuits. Manteghi filed Chapter 11 bankruptcy on November 10, 2010, in Case No. 1043851 in the Eastern District of Texas listing Volker H. Gressler, MD, Gressler Family Limited Partnership and Regine Weinkauff as the largest unsecured creditors with a $1,714,806.00 claim. An "Ali A. Manteghi" was also the subject of a criminal investigation and involved in a 2007 civil forfeiture proceeding in *United States of America v. Scott E. King A/K/A "X-Man", Tremayne K. Graham A/K/A "Kiki", Jerry Davis, Eric Rivera, Tiffany Gloster A/K/A "Tiffany Davis" and Frances Sims*, a criminal case in

**COMPLAINT FOR TURNOVER PROPERTY OF THE
ESTATE AND TO AVOID AND RECOVER TRANSFERS
PURSUANT TO 11 U.S.C. §§ 542, 547, 548 AND 550 - Page 3**

the U.S. District Court for the District of South Carolina, Greenville Division.

11. Only five days after filing bankruptcy, on November 15, 2010, Manteghi, through Axxium, closed on the sale of 6122 Linden Lane, Dallas, Texas 75230 ("Linden") for $1,350,000. The 2010 Dallas Central Appraisal District Market Value of Linden was $1,127,230, and in 2011, closer to the November 15, 2010, closing, the Dallas Central Appraisal District Market Value was $1,079,120; therefore, Stanley and Kernell Thaw overpaid over $250,000 for Linden. There is further evidence of fraud in the Linden sale. Manteghi made mortgage payments directly to Stanley Thaw's mortgage company, Southwest Bank. Also, Manteghi attempted to sell Linden in 2012, because he and Axxium maintained an ownership interest in Linden after selling Linden to Stanley and Kernell Thaw in 2010.

12. On November 1, 2009, Kernell and Stanley Thaw entered into a Contract for Deed (herein so-called) to purchase 5197 Brandywine Lane, Frisco, Texas 75034-2243 ("Brandywine") from Axxium. The Contract for Deed provided for a purchase price of $2,150,000.

13. Between November 1, 2009 and June 27, 2011, Kernell and Stanley Thaw made payments to Axxium under the Contract for Deed in the amount of at least $1,089,888.02. Kernell and Stanley Thaw were given credit at the closing of their purchase of Brandywine for payments in the aggregate amount of $1,133,195.70. No explanation of the +/- $43,300 has yet been obtained.

14. The $1,089,888.02 of payments to Axxium were made from the following:

| | |
|---|---|
| Kernell and Stanley Thaw | $ 191,400.00 |
| HBO2 America | $ 103,356.00 |
| HBO2 Works | $ 40,000.00 |
| HBO2 Houston | $ 456,648.32 |
| HBO2 San Antonio | $ 295,483.70 |
| TOTAL | $1,089,888.02 |

**COMPLAINT FOR TURNOVER PROPERTY OF THE
ESTATE AND TO AVOID AND RECOVER TRANSFERS
PURSUANT TO 11 U.S.C. §§ 542, 547, 548 AND 550** - Page 4

15. On or about June 27, 2011, Kernell and Stanley Thaw closed a mortgage loan from Regions Bank for $1,000,000 and completed their purchase of Brandywine from Axxium. The loan from Regions Bank was evidenced by a promissory note and was secured by a first lien deed of trust which was filed of record on June 28, 2011. An additional amount of +/- $22,941.94 was paid by or on behalf of Kernell and Stanley Thaw at the closing.

16. Regions Bank obtained an appraisal from Mr. Chad Collins. His opinion of the value of Brandywine as of May 27, 2011, was $1,790,000.00. Based on that appraisal, Kernell and Stanley Thaw overpaid Axxium $360,000.

17. **Between the Linden house and the Brandywine house, Kernell and Stanley Thaw fraudulently <u>overpaid</u> Manteghi and/or Axxium over $600,000.**

*Badge of Fraud Analysis*

| Badge of Fraud | Applicable Facts in this Case |
|---|---|
| 1. The transfer or obligation was to an insider | The transfer was for the benefit of the Debtor and Spouse and they were the indirect transferees |
| 2. The debtor retained possession or control of the property transferred after the transfer | Debtor and spouse received kickbacks from Manteghi and/or Axxium. |
| 3. The transfer or obligation was concealed | The very nature of the transaction made it difficult for creditors or others to discover or detect. It was almost totally comprised of payments from 3rd party entities to a third party home builder. A mere examination of the Debtor and spouse's records would not reveal but a very few of the payments |
| 4. Before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit | Yes. He had been sued at least 4 times. |
| 5. The transfer was of substantially all the debtor's assets | Unknown, but the $1,089,888 of payments and $600,000 overpayments are substantial. |
| 6. The debtor absconded | Not applicable. |
| 7. The debtor removed or concealed assets | Yes, the debtor used his companies to routinely remove and/or conceal assets. |
| 8. The value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred | The value of the consideration received by the debtor, the Linden and Brandywine houses, was at least $600,000 less than the amount of the obligation incurred. |
| 9. The debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred | The debtor filed Ch. 7 bankruptcy on December 2, 2011. |
| 10. The transfer occurred shortly before or shortly after a substantial debt was incurred | The transfers occurred shortly after the debtor became a $362,035.82 judgment debtor in the Schachar v. Thaw case in Denton County District Court. |
| 11. The debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor | Debtor transferred the essential assets of his alter ego businesses to Manteghi/Axxium, who transferred some of the assets back to debtor's alter ego businesses. |

**COMPLAINT FOR TURNOVER PROPERTY OF THE
ESTATE AND TO AVOID AND RECOVER TRANSFERS
PURSUANT TO 11 U.S.C. §§ 542, 547, 548 AND 550 - Page 6**

<u>Application for Section 542 Turnover of Property of the Estate</u>

18. As established by the above and foregoing, the $600,000+ overpayments by Kernell and Stanley Thaw to Manteghi and/or Axxium for Linden and Brandywine are "property of the estate" under 11 U.S.C. §541(a)(2).

19. The $600,000+ overpayments by Kernell and Stanley Thaw to Manteghi and/or Axxium are of value to the bankruptcy estate.

20. Pursuant to 11 U.S.C. §542(a) of the Bankruptcy Code, the Trustee is entitled to turnover of the $600,000+ overpayments.

<u>Prayer</u>

WHEREFORE, PREMISES CONSIDERED, the Trustee prays that the Court grant Trustee's request for relief and (i) order that Manteghi and/or Axxium forthwith turnover to the Trustee the $600,000+ overpayments they received from Kernell and Stanley Thaw, and (ii) such other and further relief to which the Trustee may show himself entitled.

Respectfully submitted,

**Law Office of Andrew L. Jones, P.C.**

  /s/ **Andrew L. Jones**
Andrew L. Jones
State Bar No. 24012919
3405 Milton Avenue, Suite 209
Dallas, TX 75205
Telephone: (214) 979-0100
Facsimile: (214) 979-0101
Email: ajones@andrewjoneslaw.com

*Special Counsel to Christopher J. Moser*

---

**COMPLAINT FOR TURNOVER PROPERTY OF THE
ESTATE AND TO AVOID AND RECOVER TRANSFERS
<u>PURSUANT TO 11 U.S.C. §§ 542, 547, 548 AND 550</u>- Page 7**

CERTIFICATE OF SERVICE

By signature above, I certify that a true and correct copy of the Trustee's Complaint for Turnover Property of the Estate and to Avoid and Recover Transfers Pursuant to 11 U.S.C. §§ 542, 547, 548 and 550 was served on May 14, 2012, via ECF and/or by first class postage prepaid mail and/or overnight delivery to the following:

Stanley Thaw
5197 Brandywine Lane
Frisco TX 75034-2243

Daniel C. Durand, III
Durand & Associates, PC
522 Edmonds Lane, Suite 101
Lewisville TX 75067

Mark A. Weisbart
The Law Offices of Mark A. Weisbart
12770 Coit Road, Suite 541
Dallas, TX 75251

US Trustee
Office of the US Trustee
110 N. College Avenue, Suite 300
Tyler TX 75072

Form B 250A (12/09)

# United States Bankruptcy Court
## District Of _____

In re **Stanley Thaw**,  ) Case No. **11-43603**
Debtor  )
  ) Chapter **7**
  )
**Christopher J. Moser, Trustee**  )
Plaintiff  )
  )
v.  ) Adv. Proc. No. _____
  )
**Ali Manteghi and Axxium Custom Homes Dallas, LLC**  )
Defendant  )

## SUMMONS IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to file a motion or answer to the complaint which is attached to this summons with the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall file a motion or answer to the complaint within 35 days.

Address of the clerk:   660 North Central Expressway, Suite 300B
Plano, TX 75074

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

Name and Address of Plaintiff's Attorney:   Andrew L. Jones, Law Office of Andrew L. Jones, P.C., 3405 Milton Avenue, Suite 209, Dallas, TX 75205-1377

If you make a motion, your time to answer is governed by Fed. R. Bankr. P. 7012.

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

_____ (Clerk of the Bankruptcy Court)

Date: _____  By: _____ (Deputy Clerk)

## CERTIFICATE OF SERVICE

I, __Andrew L. Jones__ (name), certify that service of this summons and a copy of the complaint was made __May 14, 2012__ (date) by:

- ☑ Mail service: Regular, first class United States mail, postage fully pre-paid, addressed to:
  Ali Manteghi
  4500 Mandrake Court
  Plano, TX 75093-3516

- ☐ Personal Service: By leaving the process with the defendant or with an officer or agent of defendant at:

- ☐ Residence Service: By leaving the process with the following adult at:

- ☐ Certified Mail Service on an Insured Depository Institution: By sending the process by certified mail addressed to the following officer of the defendant at:

- ☐ Publication: The defendant was served as follows: [Describe briefly]

- ☐ State Law: The defendant was served pursuant to the laws of the State of _____, as follows: [Describe briefly]

If service was made by personal service, by residence service, or pursuant to state law, I further certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made.

Under penalty of perjury, I declare that the foregoing is true and correct.

Date __May 14, 2012__   Signature __[signed]__

Print Name: __Andrew L. Jones__

Business Address: 3405 Milton Avenue, Suite 209
Dallas, TX 75205-1377

Form B 250A (12/09)

# United States Bankruptcy Court
## District Of _____

In re  Stanley Thaw ,
Debtor

Case No. 11-43603

Chapter 7

Christopher J. Moser, Trustee
Plaintiff

v.

Ali Manteghi and Axxium Custom Homes Dallas, LLC
Defendant

Adv. Proc. No. _____

## SUMMONS IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to file a motion or answer to the complaint which is attached to this summons with the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall file a motion or answer to the complaint within 35 days.

Address of the clerk:   660 North Central Expressway, Suite 300B
Plano, TX 75074

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

Name and Address of Plaintiff's Attorney:   Andrew L. Jones, Law Office of Andrew L. Jones, P.C., 3405 Milton Avenue, Suite 209, Dallas, TX 75205-1377

If you make a motion, your time to answer is governed by Fed. R. Bankr. P. 7012.

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

_____ (Clerk of the Bankruptcy Court)

Date: _____    By: _____ (Deputy Clerk)

## CERTIFICATE OF SERVICE

I, __Andrew L. Jones__ (name), certify that service of this summons and a copy of the complaint was made __May 14, 2012__ (date) by:

☑ Mail service: Regular, first class United States mail, postage fully pre-paid, addressed to:
  Axxium Custom Homes Dallas, LLC
  16990 Dallas Parkway #101
  Dallas, TX 75248-1998

☐ Personal Service: By leaving the process with the defendant or with an officer or agent of defendant at:

☐ Residence Service: By leaving the process with the following adult at:

☐ Certified Mail Service on an Insured Depository Institution: By sending the process by certified mail addressed to the following officer of the defendant at:

☐ Publication: The defendant was served as follows: [Describe briefly]

☐ State Law: The defendant was served pursuant to the laws of the State of _____, as follows: [Describe briefly]

If service was made by personal service, by residence service, or pursuant to state law, I further certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made.

Under penalty of perjury, I declare that the foregoing is true and correct.

Date __May 14, 2012__    Signature __[signed]__

Print Name: __Andrew L. Jones__

Business Address: 3405 Milton Avenue, Suite 209
Dallas, TX 75205-1377